

# NOTICE OF SERVICE OF PROCESS

**Entity Served:** LOHI LOGISTICS, LLC

**Received in:** Texas

COGENCY GLOBAL INC. received the enclosed document on behalf of the above named entity. As the appointed registered agent or agent for service of process for the entity, we are forwarding the document to you.

**Client Group:** LOHI LOGISTICS/SHALEAPPS

**SOP Number:** 816818

**Document Type:** Citation & Petition

**Date of Service:** April 13, 2022

**Service Method:** Personal

**Court:** 81st/218th Judicial Disrict Court of Frio County, Texas

**Document Caption:** Armando Sambrano-Liljenquist, et al. vs. Jose Esau Machuca Reyes, et al.  Including: LOHI LOGISTICS, LLC

**Case Number:** 21-08-00275CVF

**Original Being Sent To:** Wayne Brookshire
Lohi Logistics, LLC
1515 Wazee St.
Suite 300
Denver, CO 80202

**Delivery Method:** Email, Fedex
**Tracking Number:** 776643044013

## Important Reminders

An electronic copy of the enclosed document is available for viewing at www.entitycentral.com. If you have any questions or concerns, please contact us at SOP@COGENCYGLOBAL.COM or 866.621.3524.

*This notice and, if applicable, document link (together, the "Notice") is being sent to, and is intended for, the contact designated in COGENCY GLOBAL INC.'s records to receive service of process. We are not responsible for any loss, injury, claim, liability, or damage arising from your use of or reliance on the information contained within the Notice, including, but not limited to, any error or omission in the information contained within the Notice or from any subsequent transmission or third-party access to the Notice. This Notice should be reviewed by your legal and/or tax advisors, and questions concerning whether or how to respond to any document received by us on your entity's behalf should be directed to them. The information contained in the transmittal portion of the Notice is solely for informational purposes, is not a substitute for legal or tax advice, and cannot be relied on to provide complete information.*

# CITATION
## THE STATE OF TEXAS:
Cause No: 21-08-00275CVF

ARMANDO SAMBRANO-LILJENQUIST
MARGARITA SAMBRANO
-VS-
JOSE ESAU MACHUCA REYES
BB LOGISTICS &AMP; DELIVERY LLC.
HALLIBURTON ENERGY SERVICES, INC.
LoHi LOGISTICS LLC

IN THE 81ST / 218TH DISTRICT COURT
OF FRIO COUNTY, TEXAS

TO: LoHi LOGISTICS LLC , AGENT: COGENCY GLOBAL, INC. 1601 ELM ST., SUITE 4360, DALLAS, TX 75201
Defendant – GREETINGS:

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosure to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" TRCP.99

You are hereby commanded to appear by filing a written answer to the Plaintiff's THIRD AMENDED PETITION at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 81ST DISTRICT COURT of Frio County, at the Courthouse in said County in Pearsall, Texas. Said Plaintiff's THIRD AMENDED PETITION was filed in said court on the 5th day of APRIL, 2022 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of THIRD AMENDED PETITION accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pearsall, Texas 78061, ON THIS THE 6th day of April, 2022.

ATTORNEY REQUESTING:
ROBERT M. DAVANT, III
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
361-985-0600 TEL
STATE BAR NO. 24001969

Ofilia M. Trevino, District Clerk
81ST/218TH DISTRICT COURT
Frio County
500 East San Antonio St. Box 8
Pearsall, Texas 78061

By _____
GLORIA BALDERRAMA, DEPUTY

## OFFICER'S RETURN

Came to hand the _____ o'clock ___ M. on the ___ day of _____ 20___ and executed the ___ day of _____ 20___, by delivering to _____ in person a true copy of this citation with a copy of the petition attached thereto on the ___ day of _____ 20___ at _____ o'clock ___ M. at _____ in _____ County, Texas.

( ) Not executed. The diligence used in finding defendant being _____

( ) Information received as to the whereabouts of defendant being _____

FEE:

$ _____

SHERIFF CONSTABLE PRIVATE SERVICE

_____ County, Texas

_____ Deputy

CAUSE NO. 21-08-00275CVF

| | | |
|---|---|---|
| ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| V. | § § § | 81ST/218TH JUDICIAL DISTRICT |
| JOSE ESAU MACHUCA REYES; BB LOGISTICS & DELIVERY LLC; F-5 LOGISTICS, LLC; LoHi LOGISTICS, LLC; HALLIBURTON ENERGY SERVICES, INC. | § § § § § § § § | |
| *Defendants* | § | FRIO COUNTY, TEXAS |

## PLAINTIFFS' THIRD AMENDED PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiffs ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO, and file their Plaintiffs' Second Amended Petition, complaining of HALIBURTON ENERGY SERVICES, INC., JOSE ESAU MACHUCA REYES, BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC ("Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under Level 3 of Rule 190.4 Texas Rules of Civil Procedure.

### II.
### PARTIES/SERVICE

2. Plaintiff, ARMANDO SAMBRANO-LILJENQUIST, is an individual residing in

Bexar County, Texas. Plaintiff's Texas Driver's License number is XXXX6436. Plaintiff's Social Security Number is XXX-XX-8475.

3. Plaintiff, MARGARITA SAMBRANO, is an individual residing in Bexar County, Texas. Plaintiff's Texas Driver's License number is XXXX8324. Plaintiff's Social Security number is XXX-XX-4814.

4. Defendant JOSE ESAU MACHUCA REYES is an individual residing at **263 Bishop St., Livingston, Texas 77351** in Polk County, Texas, has been served, and has not yet filed an Answer.

5. Defendant BB LOGISTICS & DELIVERY LLC, is a Domestic Limited Liability Company (LLC) operating in the State of Texas at **4302 Marchant Road, Houston, Texas 77047**, has been served, and has filed an Answer.

6. Defendant, HALLIBURTON ENERGY SERVICES, INC. is a foreign for- profit entity operating in the State of Texas at P.O. Box 42806, Houston, Texas 77242-2806, and may be served with process through its designated agent for service of process, Capitol Corporate Services, Inc. at 209 E. 9th Street, Suite 1300, Austin, Texas 78701-4411 USA, has been served and has filed an Answer.

7. Defendant, F-5 LOGISTICS, LLC is a Domestic Limited Liability Company (LLC) operating and conducting business in the State of Texas at 4961A Highway 14N., Mexia, Texas76667-3857, and is an original party to this lawsuit at the time of filing of Plaintiff's Second Amended Petition. Issuance of citation has been performed, and Plaintiff is currently using due diligence to perfect service of process on this Defendant.

8. Defendant, LoHi Logistics LLC is a Foreign Limited Liability Company (LLC) operating and conducting business in the State of Texas at all relevant times, and may be served with

process through its designated agent for service of process, Cogency Global, Inc. at 1601 Elm St., Suite 4360, Dallas, Texas 75201. Plaintiffs respectfully request issuance of citation for service of process upon this Defendant at this time.

## III.
## JURISDICTION AND VENUE

9. This Court has jurisdiction over the Defendants because they are residents of the State of Texas, and the amounts sought herein are within the jurisdictional limits of this Court.

10. Venue is proper before this Court pursuant to Tex. Civ. Prac. & Remedies Code §15.002(a)(1), as all or a substantial part of the events giving rise to the claim occurred in Frio County.

## IV.
## FACTS

11. On or about July 23, 2021, Plaintiffs were traveling eastbound on FM 117 in Frio County, Texas in their Blue 2015 Grey Dodge Dart at or around 4:55am. Defendant JOSE ESAU MACHUCA REYES, who was operating a Blue 2017 Freightliner, turned into a private drive attempting to make a turnaround leaving the trailer attached to the tractor blocking the lanes of traffic causing Plaintiffs to violently, suddenly, and without warning strike the rear axles of the trailer. The trailer is alleged to be owned by HALLIBURTON ENERGY SERVICES, INC. was devoid of proper reflective and lighting requirements required by Federal and State Regulations, leading to this catastrophic collision.

12. Defendant JOSE ESAU MACHUCA REYES was acting in the course and scope of his employment/agency with the Defendant BB LOGISTICS & DELIVERY LLC, acting as an alleged subcontractor to Defendants, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC and as an agent for Defendant, HALLIBURTON ENERGY SERVICES, INC. Defendant, HALLIBURTON

ENERGY SERVICES, INC. has identified Defendant, LoHi LOGISTICS, LLC as the primary contractor responsible for coordinating the safe and qualified transportation of its cargo and products. The tractor trailer being operated by JOSE ESAU MACHUCA REYES, within the course and scope of his employment of BB LOGISTICS & DELIVERY LLC, and under the authority direction, and agency of Defendants, F-5 LOGISTICS, LLC, LoHi LOGISTICS, LLC and HALLIBURTON ENERGY SERVICES, INC. was operating while violating multiple Regulations prescribed by the Federal Motor Carrier Safety Administration as well as the Texas Department of Transportation, including but not limited to driver qualifications, reflective, lighting and safety violations, minimum standards, requirements for financial responsibility and violations of the Texas Transportation Code including being issued a citation for being Parked In Traffic Lane.

## V.
## CAUSES OF ACTION

13.  The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent, negligent per se, and grossly negligent conduct of Defendants. Defendant JOSE ESAU MACHUCA REYES on behalf of HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC, and operated the vehicle being driven in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but not limited to:

a.  in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b.  in failing to have proper lighting and reflective material on the vehicle and trailer at nighttime;

c.  in parking in a traffic lane;

d.   failure to yield right of way;

e.   by way of negligent entrustment;

f.   by way of defective and negligent training;

g.   negligent hiring and supervision;

h.   negligent retention;

i.   distraction of its driver due to the need to view their computer application;

j.   in failing to drive attentively;

k.   negligent undertaking;

l.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of their natural life.

By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this court, and for which they now sue.

14.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural life.

15.   Defendants, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC are responsible to Plaintiffs in damages for each and every negligent act and/or omission of Defendant JOSE ESAU MACHUCA REYES under the doctrine of respondent superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendant JOSE ESAU MACHUCA REYES

was operating the vehicle in the course and scope of his employment/agency with HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC and in furtherance of its business. This Defendants were also negligent in one or more of the following respects:

　　a. negligent hiring and supervision;

　　b. negligent entrustment;

　　c. negligent training and supervision;

　　d. negligent retention;

　　e. negligent establishment, implementation, and enforcement of safety policies and procedures;

　　f. negligent undertaking; and

　　g. negligent maintenance of safety lights and reflectors;

　　h. in failing to have proper lighting and reflective material on the vehicle and trailer at nighttime;

　　i. in placing equipment in the stream of commerce in a dangerous condition in reckless disregard of industry standards and Federal and State Regulations.

16. Defendants, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC are responsible to Plaintiffs in damages for each and every negligent act and/or omission of Defendant JOSE ESAU MACHUCA REYES by leasing or placing a trailer in the stream of commerce, and on the roads and highways of the State of Texas with improper lighting and reflective materials in furtherance of their business. This Defendants were also negligent in one or more of the following respects:

a. negligent entrustment;

b. negligent training and supervision;

c. negligent establishment, implementation, and enforcement of safety policies and procedures;

d. negligent undertaking;

e. negligent maintenance of safety lights and reflectors;

f. in failing to have proper lighting and reflective material on the vehicle and trailer at nighttime;

g. negligent maintenance of the tractor and trailer when placed in the stream of commerce.

h. negligent contracting.

17. As a direct and proximate result of the collision and the negligent and grossly negligent conduct of the Defendants, Plaintiffs, ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO suffered serious and permanent bodily injuries.

## VI.
## GROSS NEGLIGENCE

18. The negligent, reckless and grossly negligent conduct of Defendants JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC was more than momentary thoughtlessness or inadvertence. Rather, the conduct of Defendants JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as Plaintiffs

ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO. Defendants JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiffs ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO or others similarly situated.

## VII.
## EXEMPLARY DAMAGES

19. The above-referenced acts and/or omissions by Defendants JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC constitute malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

20. The Defendants' act or omissions described above, when viewed objectively from the standpoint of JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

21. Defendants JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

22. The above acts and/or omissions were singularly and cumulatively the proximate

cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiffs.

23. Therefore, because of such acts of malice and gross negligence on behalf of Defendants JOSE ESAU MACHUCA REYES, HALLIBURTON ENERGY SERVICES, INC., BB LOGISTICS & DELIVERY LLC, F-5 LOGISTICS, LLC, and LoHi LOGISTICS, LLC. Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## VIII.
## CAUSTION AND DAMAGES

24. Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO suffered.

25. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiffs suffered severe bodily injuries to their neck, back, head, shoulders arms, hands, chests, abdomen, and other parts of their body generally. Their entire body was bruised, battered, and contused and they suffered great shock to their entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects will abide with the Plaintiffs for a long time into the future, if not for their entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiffs physical and mental condition to generally deteriorate, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their body for a long time in the future, if not for the balance of their natural life. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural

life.

26.   Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs ARMANDO SAMBRANO-LILJENQUIST and MARGARITA SAMBRANO incurred the following damages:

   a.   medical care and expenses incurred in the past;

   b.   medical care and expenses that will in all reasonable probability be incurred in the future;

   c.   Physical pain and suffering sustained in the past;

   d.   Physical pain and suffering that will in all reasonable probability be sustained in the future;

   e.   Physical impairment and disability in the past;

   f.   Physical impairment and disability that will in all reasonable probability will be sustained in the future;

   g.   Loss of wages in the past;

   h.   Loss of past and future earning capacity;

   i.   Mental anguish in the past;

   j.   Mental anguish that will in all reasonable probability be suffered in the future;

   k.   Physical disfigurement in the past; and

   l.   Physical disfigurement that will in all reasonable probability be suffered in the future.

## IX.
## INTEREST

27.   Plaintiffs further request both pre-judgment and post-judgment interest on all their

damages as allowed by law.

## X.
## RULE 47 NOTICE

28. In accordance with Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief over $1,000,000 and demands a judgement for all other relief to which they deem to be justly entitled.

## XI.
## DEMAND FOR JURY TRIAL

29. Plaintiffs hereby demand a jury trial in this matter and are paying the applicable jury fee.

## XII.
## NOTICE OF SELF-AUTHENTICATION

30. Pursuant to Tex.R.Civ.P. 193.7, Plaintiffs give notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

## XIII.
## PRESERVATION OF EVIDENCE

31. Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded.

32. Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiffs will seek appropriate sanctions and remedies.

## XIV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity. Plaintiffs respectfully pray that the Defendants, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Fear of future disease or condition;
6. Past medical expenses;
7. Future medical expenses;
8. Physical impairment in the past;
9. Physical impairment in the future;
10. Physical disfigurement in the past;
11. Physical disfigurement in the future;
12. Pre judgment interest;
13. Post judgment interest;
14. Exemplary damages;
15. Loss of past wages;

16. Loss of future wages; and
17. Loss of wage- earning capacity.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601

BY: _____
ROBERT M. DAVANT, III
STATE BAR NO. 24001969
*E-service address: *rdavant-svc@tjhlaw.com*
**ATTORNEYS FOR PLAINTIFF(S)**

*TCRP 21a service by this email only*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 5th day of April, 2022, by the method indicated below.

***Via facsimile transmisión: Fax: (888) 874-8076***
***And E Service: attorneyjo@aol.com***
JOLANDA JONES
Law Office of Jolanda Jones
PO Box 8312
HOUSTON. TX 77288

***Via CMRRR***
Josue Esau Machuca Reyes
263 Bishop St.
Livingston, Texas 77351

***Via E Service: bhill@hillfinkel.com***
W. Bradford Hill, Jr.
Hill & Finkel, LLP
602 Sawyer, Suite 450
Houston, Texas 77007

_____
Robert M. Davant, III